## WOODWORTH *v.* WILSON.

On a petition for a new trial by way of review, under section 2, chapter 205, Compiled Statutes, it appeared that a bond, on which the original suit was founded, was not produced at the trial, and that secondary evidence of its existence and contents was excluded for the reason that the search shown to have been made for it was found not to have been sufficient to lay the foundation for such evidence.   It appeared further, that the petitioner lived in Rochester, N. Y., and had an attorney there, and also attorneys in this State; and that he intended, in case the decision was against him, to review the cause.   Final judgment was rendered against him at the April term, 1864; but by reason of the accidental miscarriage of letters from his attorneys here to his attorney in Rochester, he was not informed of the result until after the expiration of the year within which he was entitled to a review as matter of right;—*held,* that although the failure of justice on the first trial did not happen through accident or mistake, yet, inasmuch as it sufficiently appeared that justice was not done on that trial, and that his omission to bring a writ of review within the year limited by statute occurred through accident, the court would grant a new trial by way of review of the original cause.

This is a petition for a new trial or review of an action in favor of the petitioner against the petitionee, in which judgment was rendered for the petitionee at the April trial term in this county, 1864.

The petition was entered at the December term, 1866, and alleges, that about 1862 the plaintiff brought an action 'of debt on an indemnity bond against the defendant Wilson, which was tried by the court at the November term, 1863, a trial by jury being waived by the parties, and resulted in a finding for the defendant; that the cause was transferred upon exceptions, which were overruled by the full bench, and final judgment was rendered for the defendant at the April term, 1864.   That the plaintiff, living in Rochester, N. Y., was not informed of said judgment till February or March, 1866 ; that he then directed his counsel, Wm. D. Shuart, Esq., of said Rochester, to ascertain, with as little delay as possible, the condition of the case, and take measures for a new trial ; that it has ever been his intention, since he learned the decision of the court at the trial term, to have a second trial or review of said action, in case the decision of the trial judge should be sustained by the full bench.

That said Shuart was his attorney at Rochester, and had principal charge of said suit, but that Messrs. George, Foster & Sanborn, of Concord, with whom he never had any personal communication, were employed to assist in the trial and management of the cause in court; that upon the determination of said suit in the law term, George, Foster & Sanborn wrote to Shuart informing him of the result, and subsequently wrote him again upon the same subject, but that by accident and misfortune both of said letters failed to reach said Shuart; and that his first information was derived from a letter from George, Foster & Sanborn to Shuart, dated Dec. 23, 1865, long after his right of review under the statute had expired by lapse of time.

The plaintiff also says that he has a good cause of action against the defendant for damages arising from a breach of said indemnity bond; that in addition to the evidence produced by him upon the former trial, he expects to prove distinctly the execution and delivery of said bond, and that he has made diligent and thorough search among all his papers, and is unable to find the same.

There is also an allegation of newly discovered evidence, but no facts are stated to show wherein said evidence might be important or material upon another trial.

The testimony of the plaintiff, Mr. Shuart, and of Judge Foster, sustains the allegations of the petition. It also appears from the evidence that the plaintiff, in 1855, was sheriff of Monroe county, N. Y.; that Nov. 9, 1855, the defendant, having an execution against one J. B. Clough, placed the same in the hands of Peter Shoecraft, a deputy of the plaintiff, for collection, with directions to levy upon certain personal property; that Percy Ann Clough claimed said property to be hers, and that thereupon, to induce the plaintiff to proceed with the levy, the defendant gave him said bond of indemnity; that Mrs. Clough afterwards commenced an action against the plaintiff for the property so sold and applied on defendant's execution, and recovered judgment for $739.48 damages and costs, which the plaintiff paid. The defendant Wilson has died since the petition was filed, and without making answer. December 3, 1867, a bill of revivor was filed against his administrator, Isaac D. Merrill. Merrill filed an answer January 18, 1868, denying all knowledge of the facts stated in the petition. He has since re-resigned his trust, and the defence is now made by Wm. M. Chase, Esq., administrator *de bonis non.* No testimony has been taken by defendant.

*Charles P. Sanborn,* for plaintiff.

*Marshall & Chase,* for defendant.

LADD, J.    It is nowhere distinctly stated in the petition that justice was not done on the first trial. It is alleged, however, that the suit was founded on an indemnity bond; and that if a new trial is granted, the plaintiff expects to prove, *in addition* to the evidence produced by him on the former trial, the execution and delivery of said bond; and

that he has made diligent and thorough search among all his papers, and is unable to find the same.

This appears to be equivalent to an allegation that on the former trial the execution and delivery of the bond were not proved; and inasmuch as the suit was debt upon the lost bond, it would seem to be clear that it must have failed for this reason; and we are inclined to hold that this constitutes a sufficient statement that justice was not done on the former trial.

The fact thus gathered somewhat inferentially from the petition, appears affirmatively in the proof.

Judge BELL, who tried the cause, found as matter of fact that the plaintiff did not show a search for the bond sufficiently thorough, so that he could be allowed to introduce secondary evidence of its contents. The court above approved this finding, and declined to revise it for the further reason that it was purely a question of fact for the judge who tried the case.

The plaintiff therefore failed on that trial to produce the only evidence upon which his suit could stand, and the result was a judgment for the defendant for his costs.

Assuming that such a bond was in fact executed, and that by its terms the defendant was bound to refund to the plaintiff the amount paid by him on the judgment in favor of Mrs. Clough, it needs no argument to show that justice was not done on the former trial.

It is not alleged in the bill, and there is no evidence, that this failure of justice was occasioned by accident, mistake, or misfortune; but the plaintiff says that he intended to avail himself of his legal right to a review, and that it was through accident and misfortune that a writ of review was not taken out within the time limited by statute for a review as matter of right.

But it is contended by the defendant upon the authority of *Smith* v. *Cole*, 18 N. H. 280, that this is not such accident, misfortune, or mistake as brings the case within the remedy provided by the statute. It is true that in *Smith* v. *Cole* the broad doctrine is laid down that a petition for review will not be entertained if the petitioner is entitled of right to review, and the construction there put upon the statute would clearly exclude the present case from the remedy.

But exactly the contrary was held in the later cases of *Coburn* v. *Rogers*, 32 N. H. 372, and *Chase* v. *Brown*, 32 N. H. 130,—the decision in *Smith* v. *Cole* not having been published at the time these later cases were decided.

It is to be observed that the facts reported in the case of *Smith* v. *Cole* show that the decision was right. It appeared there that the petition for a review was commenced before the expiration of the year within which the petitioner might have commenced his writ of review as matter of right; so that he did not lose the opportunity of a second trial by any accident, mistake, or misfortune, but simply mistook his remedy. Had the doctrine of *Coburn* v. *Rogers* been applied, the same result must probably have been reached. Thus, while the decision itself appears to be correct, the broad general proposition upon which it

is placed, namely, that a review cannot be granted upon petition in any case where the petitioner had a right of review under the statute, is not tenable.

The facts did not suggest the inquiry whether the statute was intended to provide a remedy where a review was lost by accident or mistake, and it is probable the attention of the court was not directed to that subject at all.[*]

We think the case of *Smith* v. *Cole* must be considered as overruled by the subsequent cases referred to ; and we are thus brought to the inquiry whether the plaintiff in this case lost his opportunity of review through accident, misfortune, or mistake.

The plaintiff swears that he was advised by his counsel, at the time of the trial in October, 1863, that he could have a second trial as matter of right by paying the cost ; that he instructed his counsel, in case the decision was adverse to him, to take the necessary measures for a second trial ; that he did not learn of the final decision against him till February or March, 1866, long after his right was gone, and the information was then communicated to him by his attorney, Mr. Shuart.

Mr. Shuart says he did not learn that judgment had been rendered on the finding of the court for the defendant until December, 1865, he having been away in the army; and it appears by his testimony and that of Judge Foster that letters seasonably written by the latter to the former, communicating the result of the case, miscarried, or, at all events, failed to reach Mr. Shuart, without fault, so far as appears, on the part of either of those gentlemen.

This evidence taken together leaves no room for doubt that the plaintiff would have had another trial of the cause by review, but for the failure of Judge Foster's letters to reach Mr. Shuart—a mischance which seems to be as clear a case of accident as can well be conceived.

From these observations it will be seen that we are of opinion, from the evidence presented to us, that justice was not done in the first trial, and that it was through accident and misfortune that the plaintiff did not have a review while that course was open to him.

By the terms of the statute it must also appear that a further hearing would be just and equitable.

To bring the case within this provision, the court ought to be satisfied that the cause of the failure of justice on the first trial can, and probably will, be removed on a new trial ; in other words, that the result is likely to be changed.

Upon this point it seems to be sufficient to suggest that at the first trial the bond upon which the suit rested was ruled out for the reason that no sufficient search had been made for it.   It requires no proof to show that this fatal defect in the plaintiff's evidence can be supplied on another trial.   It may be said to be absolutely certain that a search can be made for the bond so thorough and exhaustive as to render sec-

---

[*] See 49 N. H., pp. v and vi (Reporter's note).     REPORTER.

ondary evidence of its existence and contents admissible to go to the jury.

This being so, without going any further, it seems to us a further hearing would be just and equitable. It is suggested that the plaintiff did not exercise ordinary care and diligence in allowing so long a time to elapse after the trial in October, 1863, the result of which he knew, without taking measures to inform himself as to the position of his case, and that by such neglect he has forfeited his claim to the equitable consideration of the court. It appears from the evidence that the plaintiff was informed, soon after the trial in the fall of 1863, that the cause had been transferred on questions of law; and it does not appear that he had any knowledge of the probable length of time it would be pending in the law term. We are inclined to think that when men, engrossed, perhaps, in other affairs, place a matter of this sort in the hands of their professional advisers, it is natural and reasonable that they should rely upon those advisers for all the information *in respect to the progress of the suit in court* upon which it may be necessary for them to act; and that, therefore, the plaintiff was not guilty of such negligence in this respect as to forfeit his claim for relief.

The same remark, substantially, may be made in regard to the further suggestion of delay in commencing this petition after he learned of the judgment against him upon the order from the law term.

The result is, that a new trial by way of review

*Must be granted.*